```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

VICKI AND MARK L. GOURD,           §
                                   §
    Plaintiffs,                    §
                                   §
v.                                 §   Civil Action No. H-09-2397
                                   §
PHILLIPS & COHEN ASSOCIATES,       §
LTD.,                              §
                                   §
    Defendant.                     §

## ORDER

Pending before the court[1] is Defendant's Amended Motion for Leave to File Amended Answer (Docket Entry No. 27). The motion is **DENIED.**

### I. Procedural Background

This Fair Debt Collections Practices Act case was filed on July 29, 2009.[2] Defendant filed its answer on October 16, 2009.[3] On January 15, 2010, the court entered a scheduling order which required that motions for leave to amend the pleadings be filed by March 5, 2010, and that discovery be completed by May 21, 2010.[4]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 29.

[2] See Complaint, Docket Entry No. 1.

[3] See Answer, Docket Entry No. 6.

[4] See Scheduling Order, Docket Entry No. 10.

The case was placed on the court's June 11, 2010 docket call.[5] Neither party filed a timely motion to amend the pleadings.

On May 14, 2010, Plaintiffs filed a motion for partial summary judgment.[6]  On June 7, 2010, Defendant filed a motion for an extension of time within which to respond to the motion.[7]  On June 8, 2010, the court granted Defendant a small extension of time to file its response to the motion for partial summary judgment.[8] The court also removed the case from its June docket call pending resolution of the summary judgment motion.[9]

On June 10, 2010, Defendant filed a motion for leave to file an amended answer.[10]  There, Defendant states that it has an "absolute right" to amend its answer pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) and now seeks to do so.[11]  In its motion, Defendant argues that it did not receive notice of Plaintiffs' motion for partial summary judgment until June 4,

---

[5]    See id.

[6]    See Docket Entry No. 13.

[7]    See Docket Entry No. 21.

[8]    See Order, Docket Entry No. 22.

[9]    See id.

[10]   See Defendant's Motion for Leave to Amend, Docket Entry No. 23.

[11]   Id. at p. 2.

2

2010,[12] when the parties filed the Joint Pretrial Order and, therefore, "Defendants [sic] were not fully apprised of the Information to be made available to the Court . . . ."[13] Defendant argues that it must amend its answer to assert the affirmative defense of "bona fide error."[14]

Plaintiffs oppose amendment of the answer, arguing that several factors militate against permitting such an amendment.[15] First, Plaintiffs assert that amendment is not timely under the scheduling order.[16] Plaintiffs also complain that during the discovery period, not only did Defendant fail to disclose an intent to assert any affirmative defense, it objected to disclosing its affirmative defenses on the grounds that they were privileged from discovery.[17]

---

[12] In Defendant's motion for an extension of time to respond to the motion for partial summary judgment, Defendant averred that its counsel became aware of the motion for partial summary judgment on June 2, 2010.  See Defendant's Motion for Extension, Docket Entry No. 21, p. 1.

[13] Defendant's Motion for Leave to Amend Answer, Docket Entry No. 23, p. 2.

[14] Id. at p. 2.

[15] See Plaintiffs' Objection and Response to Defendant's Motion to Amend Answer ("Plaintiffs' Response"), Docket Entry No. 25, pp. 3-4.

[16] Id. at p. 6.

[17] Id. at p. 3.

In Interrogatory No. 2, Defendant was asked:

> If you have denied, or failed to admit, any of the Requests for Admission . . . state with regard to each . . . every reason, cause or defense you have or claim for denying or failing to admit . . . that admission.
>
> Defendant responded:
>
> Defendant objects to this discovery request because it does not state with reasonable particularity the documents or tangible things to be produced. To the extent that it calls for Defendant's attorney to determine or guess what is requested and then produce it [sic] calls for disclosure of work product and thought processes, which information is privileged.

See id., Ex. 1, Defendant's Answers to Plaintiff's Interrogatories, p. 3.

> In Interrogatory No. 7, Plaintiffs asked:
>
> Please state in detail all facts upon which you intend to rely for each affirmative defense listed in your Answer and identify all documents you intend to utilize at trial to establish that defense.
>
> Defendant responded:
>
> Defendant objects to this discovery request because it does not state with reasonable particularity the documents or tangible things to be produced. To the extent that it calls for Defendant's attorney to determine or guess what is requested and then produce it [sic] calls for disclosure of work product and thought processes, which information is privileged.

Id. at p. 5.

> In Plaintiffs' Request for Production No. 7, they requested:
>
> All documents and tangible things that discuss, relate to, or refer to each and every fact, reason, allegation or theory under which you deny that you are liable to Plaintiff . . . .
>
> Defendant responded:

In addition, Plaintiffs' counsel argues that in conversations with Ms. Ovaitt, Defendant's counsel, Ms. Ovaitt indicated that Defendant would not be asserting a "bona fide error" affirmative defense.[18]

Plaintiffs also take exception to Defendant's claim that it was not aware of Plaintiffs' motion for partial summary judgment until early June.[19] Plaintiffs contend that Defendant should have been aware of the motion for partial summary judgment when it received drafts of the joint pretrial order on May 18 and 24, 2010, both of which drafts indicated that there was a pending motion for summary judgment.[20] Plaintiffs argue that in a June 2, 2010 telephone conversation, Defendant's counsel admitted receiving

---

> Defendant objects to this discovery request because it does not state with reasonable particularity the documents or tangible things to be produced. To the extent that it calls for Defendant's attorney to determine or guess what is requested and then produce it [sic] calls for disclosure of work product and thought processes, which information is privileged.

Id. at p. 14.

[18]   See Plaintiffs' Response, Docket Entry No. 25, p. 3.

[19]   The court has determined that Defendant's counsel did not receive e-mail notification from the court of the filing of any pleading in this action because of a mistake she made in inputting certain data into the CM-ECF system. The court's case manager is available to direct counsel to the appropriate Clerk's Office employee to prevent this from occurring in the future.

[20]   Plaintiffs' Response, Docket Entry No. 25, p. 4.

copies of the proposed joint pretrial order.[21] Plaintiffs speculate that Defendant's counsel simply failed to read the joint pretrial order drafts, thus explaining the claim of lack of notice.[22]

## II.  Applicable Legal Standard

As there is a scheduling order in place, the present motion is governed by Rule 16(b).  See Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003).  Rule 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent."  To determine good cause, the court must consider four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.  Sw. Bell Tel. Co., 346 F.3d at 546.

## III.  Analysis

Under the scheduling order, the deadline for amendments to the pleadings was March 5, 2010.  Defendant did not move for leave to amend until June 10, 2010.  Turning to the first factor, the explanation for the failure to timely amend, Defendant argues that it became aware that it had not asserted the affirmative defense of bona fide error after Plaintiffs filed a motion for partial summary judgment.

---

[21]   Id. at p. 4.

[22]   Id. at p. 5.

However, a review of Plaintiffs' motion for partial summary judgment reveals that Plaintiffs did not mention bona fide error in the motion, therefore the court finds Defendant's explanation to lack factual support.  Also, in its answers to discovery served on March 8, 2010, Defendant refused to disclose whether it intended to assert an affirmative defense, a fact that militates against permitting an untimely amendment.

The first mention of the affirmative defense of bona fide error was in the Joint Pretrial Order filed on June 4, 2010, indicating that, at least by that date, Defendant intended to assert such a defense.[23]  Defendant does not explain why it was unaware of the statutory defense of bona fide error before March 5, 2010, the amendment deadline, or why it failed to disclose the defense during the discovery period.[24]

The court can find no other reason for Defendant's failure to assert the defense and is left to conclude that it resulted from attorney neglect.  Generally, attorney neglect is insufficient to show good cause.  <u>McGinnis v. Shalala</u>, 2 F.3d 548, 551 (5th Cir. 1993).  The lack of a credible explanation for the delay in

---

[23]   <u>See</u> Joint Pretrial Order, Docket Entry No. 19, pp. 6, 9.

[24]   While Plaintiffs argue that during the discovery period Defendant's counsel denied any intention of asserting the affirmative defense of bona fide error, the court lacks competent evidence to support this claim.  Accordingly, the court does not consider this factor in its analysis.

asserting an affirmative defense weighs against a finding in Defendant's favor on this factor.

Turning to the second factor, whether the amendment is important, Defendant makes no specific argument in support of this factor other than it has an absolute right under Fed. R. Civ. P. 15(a) to amend "when justice so requires." As explained above, because this action is governed by a scheduling order, Rule 16, not Rule 15, provides the applicable standard. In the absence of an explanation of the importance of the amendment, the court considers this factor neutral.

The third factor, the potential prejudice to the non-movant, is disputed by the parties. Defendant argues that Plaintiffs can point to no evidence showing that they will be prejudiced by the amendment. On the other hand, Plaintiffs contend that they will be prejudiced by the amendment as discovery has closed and they have filed a motion for summary judgment which does not address the proposed affirmative defense of bona fide error. Plaintiffs conclude that if this amendment is allowed, they will need to conduct more discovery directed to the defense and incur additional expense as a result. The court finds that this factor weighs in favor of Plaintiffs as they have shown that they will be prejudiced if the amendment is allowed.

Turning to the fourth factor, the availability of a continuance to cure any prejudice, the court notes that the Fifth

Circuit has held that, when the first and third factors militate against permitting amendment, the trial court is not obligated to continue the trial setting.  See Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 884 (5th Cir. 2004)(violation of court's scheduling order should not routinely justify a continuance). Otherwise a violation of the scheduling order would always result in a continuance.  Id.  So, while the court could permit a continuance to allow the reopening of discovery, this option does not address the additional expense that Plaintiffs would incur if the amendment were permitted.

In light of all the factors, Defendant's motion for leave to amend its answer is **DENIED**.

**SIGNED** this 6th day of July, 2010.

_____
Nancy K. Johnson
United States Magistrate Judge